IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-11099 c/w
No. 97-11122 c/w
No. 97-11125
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEON JOSEPH STEPHENS, also known as Joe Blow,

Defendant-Appellant;

ANDRA DEMON HUBBARD, also known as Pooh,

Defendant-Appellant;

LAMARCUS TYRONE WILLIAMS, also known as T-Dog,

Defendant-Appellant.

- - - - - - - - - -
Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:97-CR-50-1-A
USDC No. 4:97-CR-50-4
USDC No. 4:97-CR-50-A-3
- - - - - - - - - -
July 2, 1998
Before DUHÉ, DEMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Leon Joseph Stephens, Andra Demon Hubbard, and Lamarcus Tyrone

Williams appeal the district court's denial of their motions to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

suppress evidence.

Appellants contend that the warrant was based on an affidavit that contained material omissions critical to a finding of probable cause. The appellants have not shown that any omission in the affidavit was intentional or reckless or that intent should be inferred because the omitted information was critical to a finding of probable cause. See United States v. Cronan, 937 F.2d 163, 165 (5th Cir. 1991).

Stephens also contends that warrant was issued based on a "bare bones" affidavit. The affidavit supporting the search warrant was not so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. See United States v. McKnight, 953 F.2d 898, 905 (5th Cir. 1992)(holding that an affidavit based on the personal observations of drug manufacturing by an informant who had furnished reliable information in the past was not "bare bones"). Stephens has offered no evidence to support his claim that the magistrate abandoned his judicial role in issuing the warrant.

Appellants have not shown that the good-faith exception to the exclusionary rule does not apply. Thus, the evidence obtained by Gladney in objectively reasonable good-faith reliance upon the search warrant is admissible. See United States v. Satterwhite, 980 F.2d 317, 320-21 (5th Cir.1992). The district court did not err in denying the appellants' motions to suppress.

AFFIRMED.